a

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ABBAS ADAM BAKRI #A221-193-291, Petitioner** | **CIVIL DOCKET NO. 1:25-CV-01475 SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Respondents** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Abbas Adam Bakri ("Bakri"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Bakri challenges the constitutionality of his continued detention.

Because the Government has demonstrated that Bakri's removal is significantly likely in the reasonably foreseeable future, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I. Background

Bakri is a native of Sudan who was apprehended on November 16, 2024, after attempting to enter the United States without inspection. ECF No. 12-1 at 1. He was issued a Notice and Order of Expedited Removal pursuant to INA § 235(b)(1). ECF No. 12-2 at 6-7.

U.S. Citizenship and Immigration Services issued a negative credible fear finding on December 13, 2024, which the immigration judge affirmed on January 7, 2025. ECF Nos. 12-2 at 4-6; 12-3.

ICE was unable to remove Bakri to Sudan due to country conditions. ECF No. 12-1 at 2. In March 2025, the Embassy of Sudan advised that Bakri is not a citizen of Sudan. *Id.*

On March 29, 2025, Enforcement and Removal Operations ("ERO") received a travel document to Greece. *Id.* On April 14, 2025, Bakri was an alternate for a flight scheduled to depart for Greece on April 29, 2025. *Id.* However, Bakri "missed the staging flight for transfer." *Id.* The travel document expired on May 24, 2025, before Bakri could be removed. *Id.*

Bakri was rescheduled for removal on October 6, 2025. *Id.* Bakri "was not transferred to the connecting staging flight for removal." *Id.*

On December 17, 2025, ERO requested a third travel document from Greece. *Id.* As of February 19, 2026, the date of Assistant Field Office Director Charles Ward's declaration, Greece had not responded to ERO's December 2025 request. *Id.*

Bakri retained counsel after the Government's response was filed. ECF Nos. 18, 20, 21. Thereafter, the Court ordered the Government to provide an update on the status of Bakri's travel documents. ECF No. 22. In response, Acting Assistant Field Office Director Christopher Rabe provided a sworn statement advising that Greece provided travel documents, and Bakri was scheduled for removal to Greece on May 18, 2026. ECF No. 23-1 at 2. Bakri was transported to John F. Kennedy Airport

for removal to Greece. However, Bakri refused to depart on the flight. *Id.* On May 25, 2026, Bakri was transferred back to River Correctional Center, where he remains detained. *Id.*

Bakri did not file a reply memorandum, and the time within which to do so has expired. ECF No. 23.

## II. Law and Analysis

### A. The Court has jurisdiction.

The Court has jurisdiction to consider Bakri's challenge to his continued post-removal-order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

### B. Bakri is subject to a final removal order.

Bakri contends that his detention is reviewable under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), as he has been in post-removal order detention for over six

months. Bakri asserts that, once a final order of removal has been entered—whether it is expedited or not—detention is governed by 8 U.S.C. §1231(a)(6). ECF No. 17 at 3.

The Government contends that, because Bakri received an expedited removal order under § 1225(b), he shall be detained until removed. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). It asserts that *Zadvydas* is not applicable because an expedited removal order issued under § 1225(b)(1) with a negative credible fear finding is not converted to a final order of removal under § 1231(a)(6). ECF No. 12 at 3-4. The Government's argument is difficult to reconcile with the position it took in another case before this Court, where it acknowledged that an expedited removal order constitutes a final order of removal, and that detention thereafter is governed by § 1231. *See Sediqui v. United States Immigration & Customs Enf't,* 1:25-CV-1699 (W.D. La.), ECF No. 14 at 1-3.

Regardless, "[r]ead most naturally, § 1225(b)(1). . . mandate[s] detention of applicants for admission until certain proceedings have concluded." *Bista v. Bondi*, 2:26-CV-00358, 2026 WL 517155, at *2 (W.D. Wash. Feb. 25, 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (quotations omitted)). So, although the provisions of § 1231 might have been inapplicable while Bakri awaited the final determination on his credible fear assertion under § 1225(b), once that determination occurred, the order was administratively final. *See Alnajjar v. GEO Grp., Inc.*, 5:25-CV-0822, 2025 WL 3853217, at *4 (W.D. Tex. Dec. 23, 2025) ("There appears to be no basis for limiting § 1231 to specific processes by which a removal order was issued.");

*Serrano-Martines v. De Anda-Ybarra*, 26-CV-0529, 2026 WL 1068150, at *14, n. 15 (D.N.M. Apr. 20, 2026) (when "'the officer [ ] order[s] the alien removed from the United States,' 8 U.S.C. § 1225(b)(1)(A), a 'removal period' starts in § 1231"); *Cifuentes v. Bondi*, 2:26-CV-00679, 2026 WL 657814, at *1 (D.N.J. Mar. 9, 2026) (final order of expedited removal "converted" Petitioner's custody from a pre-removal detention to a post-removal detention under § 1231); *contra Gueye v. Sessions*, 17-CV-62232, 2018 WL 11447946, at *2 (S.D. Fla. Jan. 24, 2018) (detention of petitioner with expedited removal order was governed by § 1225, not § 1231). Accordingly, the Court concludes that Bakri's detention is governed by § 1231 rather than § 1225.

### C. <u>Bakri has hindered his removal.</u>

Bakri has been in post-removal order detention since January 7, 2025. ECF Nos. 12-2 at 4-6; 12-3. Bakri satisfied his initial burden under *Zadvydas* by demonstrating good reason to believe there was no significant likelihood of removal in the reasonably foreseeable future because Sudan was not a viable country of removal and Greece had not reissued travel documents. ECF Nos. 1, 17.

The burden therefore shifts to the Government to produce evidence demonstrating a significant likelihood that Bakri will be removed in the reasonably foreseeable future. The Government has met that burden. It submitted a supplemental declaration from Acting Assistant Field Office Director Christopher Rabe, the contents of which are undisputed. Rabe attests that Greece reissued travel documents, and that Bakri was scheduled for removal to Greece on May 18, 2026. ECF No. 23-1 at 2. Bakri was transported to John F. Kennedy International Airport

for removal, but he refused to board the flight to Greece. *Id.* Bakri was transferred back to River Correctional Center, where he remains detained. *Id.*

The undisputed evidence establishes that Greece was willing to accept Bakri, and that ICE successfully arranged his removal on May 18, 2026. The only reason Bakri was not removed that day was his own refusal to board the flight. Accordingly, Bakri cannot establish that there is no significant likelihood of his removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Rather, the current impediment to his removal is his own refusal to depart.

## III. <u>Conclusion</u>

Because Bakri cannot establish there is no significant likelihood of his removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should circumstances change.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, July 31, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE